IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| EMIL ESMAIL, | ) | Case No. 17 B 02284 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

### NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on June 22, 2022, at 10:00 a.m., I shall appear before the Honorable Janet S. Baer, or any other judge sitting in her stead and request a hearing on the Chapter 7 Trustee's Objection to Claim No. 2 of Cavalry SPV I, LLC, a copy of which is attached hereto and thereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID.

**To appear by telephone**, call (669) 254-5252 or (646) 828-7666.  Appearing by telephone will require extra clearance before being allowed into the hearing.

**Meeting ID and passcode**. The **meeting ID** for this hearing is 160 731 2971 and the **passcode** is 587656.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 12th day of May 2022.

                     /s/ Gregory K. Stern
                     Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

N. Neville Reid
Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606

Robert A. Habib
77 West Washington Street, Suite 411
Chicago, Illinois 60602

**Parties Served By United States Mail**

Email Esmail
7301 W. 25th Street, Suite 179
North Riverside, Illinois 60546

Email Esmail
840 W. IL Route 22, #179
Lake Zurich, Illinois 60047

Cavalry SPV I, LLC
500 Summit Lake Drive, Suite 400
Valhalla, NY 10595

Cavalry SPV I, LLC
c/o CT Corporation System, Registered Agent
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

Cavalry SPV I, LLC
Attn: Andrew Zaro, CEO
1 American Lane
Suite 220
Greenwich, CT 06831

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| EMIL ESMAIL, | ) | Case No. 17 B 02284 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**OBJECTION TO CLAIM NO. 2 OF CAVALRY SPV I, LLC**

Now comes N. Neville Reid, Chapter 7 Trustee (the "Trustee"), by and through his attorneys Gregory K. Stern, Monica C. O'Brien, and Rachel S. Sandler, and in support of his Objection to Claim No. 3 of Cavalry SPV I, LLC, states as follows:

1. On January 26, 20217 (the "Petition Date"), the Debtor caused a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to be filed. N. Neville Reid (the "Trustee"), was appointed as trustee in this case.

2. On October 25, 2021, Cavalry SPV I, LLC[1] ("Cavalry") filed a Proof of Claim in the above captioned Chapter 7 case with the Clerk of the United States Bankruptcy Court that was docketed as Claim No. 2 on the Claims Register (the "Cavalry Proof of Claim"). A copy of the Cavalry Proof of Claim is attached hereto as Exhibit A and mart a part hereof.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334. The subject matter of this objection is a contested matter under Fed. R. Bankr. P. 9014 and seeks this Court's determination of the validity of the Cavalry Proof of Claim. The contested matter constitutes a core proceeding as it involves the allowance or disallowance of a claim, as set forth in 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over the parties hereto and over the subject matter to hear and determine the merits of this contested matter. *Stern v. Marshall*, 131 S.Ct. 1594 (2011).

4. The Cavalry Proof of Claim reflects the following:

---

[1] The original creditor was Bank of America ("BOA") who assigned the debt to Cavalry.

(a) an unsecured non-priority claim in the amount of $61,090.14; and,

(b) that the last payment made by the Debtor to Care Credit was 02/02/2009.

5. The Cavalry Proof of Claim fails to attach a copy of the credit agreement between BOA and the Debtor.

6. Upon information and belief, the laws of the state of North Carolina govern the Debtor's credit agreement with BOA. Under the laws of North Carolina, the statute of limitations to collect on a credit card debt is three (3) years from the date of the last payment made by the card holder.

7. In the instant case, the statute of limitations governing the time for Cavalry to collect against the Debtor expired on February 2, 2012.

8. The Cavalry Proof of Claim fails to state a valid basis for a claim under §502(b)(1) of the United States Bankruptcy Code and is time barred because the applicable statute of limitations expired before the Petition Date. Accordingly, the Cavalry Proof of Claim should be disallowed in its entirety.

9. Notice of this Claim Objection has been sent to the claimant, the Debtor and the United States Trustee in conformity with Fed. R. Bankr. P. 3007.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order as follows:

(a) Sustaining Trustee's Objection to Claim No. 2 of Cavalry SPV I, LLC;

(b) Disallowing Cavalry SPV I, LLC's Proof of Claim No. 2 filed on October 25, 2021, in the amount of $61,090.14, in its entirety; and,

(c) For such other relief as may be just.

                                                   /s/ Gregory K. Stern
                                                   N. Neville Reid, Trustee
                                                   By his attorney, Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558